**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6965**

UNITED STATES OF AMERICA,

                  Plaintiff - Appellee,

     v.

KATRINA GOULD, a/k/a Trina,

                  Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:10-cr-00087-FDW-8)

Submitted: July 19, 2012          Decided: July 26, 2012

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Katrina Gould, Appellant Pro Se. Steven R. Kaufman, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katrina Gould appeals the district court's order denying her 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence. This provision permits modification of a defendant's term of imprisonment when such term is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," in accordance with the Commission's statutory authority to review and revise the Sentencing Guidelines. Id. (citing 28 U.S.C. § 994(o) (2006)). Gould's sentence, however, was not based on a sentencing range lowered by the Sentencing Commission, but, rather, was premised on 21 U.S.C. § 841(b)(1)(B)(iii) and 21 U.S.C. § 851 (2006), in conformity with the ten-year mandatory minimum term of imprisonment therein prescribed at the time she committed the offense of conviction. Prior to Gould's guilty plea and sentencing, § 841 was amended to increase the threshold quantities of certain controlled substances triggering specific mandatory minimums. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. Gould, however, pursued no direct appeal.

Section 3582(c)(2), which, by its terms, is limited to modifications for sentences based on ranges lowered by the Sentencing Guidelines, is not the appropriate vehicle to seek relief from a mandatory minimum sentence imposed by statute.

2

See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) ("[A] defendant who was convicted of a [cocaine base] offense but sentenced pursuant to a mandatory statutory minimum sentence is ineligible for a reduction under § 3582(c)(2)."). Accordingly, we affirm the district court's order denying Gould's motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED